NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH GAMINO RIOS; ALEXA OBREGON GAMINO, | No. 23-4362 |
| Petitioners, | Agency Nos. A206-674-548 A206-674-547 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025**
Pasadena, California

Before: PAEZ and R. NELSON, Circuit Judges, and LASNIK, District Judge.***

Elizabeth Gamino Rios and her daughter, natives and citizens of Mexico,

petition for review of an order by the Board of Immigration Appeals ("BIA")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

dismissing their appeal from the Immigration Judge ("IJ") decision denying asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

Our review is expressly limited to the grounds the BIA relied upon in rendering its decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review de novo the agency's determinations on questions of law. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). Its factual findings are reviewed for "substantial evidence" and "should be upheld 'unless the evidence compels a contrary result.'" *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (quoting *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011)).

Gamino Rios credibly testified that members of the Knights Templar cartel forced her, under implied threat of violence, to vote and march in favor of certain political causes. She also testified that after she left Mexico, members of another cartel, the Viagras, told her sister to leave the area, or else the cartel would kill her whole family. The sister complied. Finally, Gamino Rios testified that one brother was beaten by military police and that another brother was kidnapped by the Viagras.

The BIA found that Gamino Rios had not demonstrated a nexus between past or future persecution and her political opinion or the asserted particular social

group of "residents of Altamira ranch." The BIA also found that Gamino Rios had not shown that she was more likely than not to be tortured upon returning to Mexico.

1. Substantial evidence supports the BIA's finding that Gamino Rios failed to demonstrate the requisite nexus between the alleged persecution and her asserted protected grounds. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A),(C); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

a. The BIA found that Gamino Rios failed to establish a nexus between past harm or future harm and any political opinion held by or imputed to her. *See Agbuya v. INS*, 241 F.3d 1224, 1228-29 (9th Cir. 2001). The agency is correct that "the record lacks evidence that the Knights Templar believed that the respondent intended to vote for another candidate or that she expressed opposition to the political objectives of the Knights Templar." Rather, the cartel appears to have targeted the population indiscriminately.

b. The BIA found that Gamino Rios failed to establish a nexus between past harm or future harm and her membership in the group of "residents of Altamira ranch, Michoacan." Substantial evidence supports this conclusion; the record lacks evidence that the Knights Templar or the Viagras singled out the residents of Altamira in any way.

2. Substantial evidence supports the BIA's conclusion that Gamino Rios has not met her burden of showing she is "more likely than not to be tortured by or with the consent of a public official," as required by the CAT. *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1). Gamino Rios did not present any evidence suggesting that the government would acquiesce to torture from the Viagras or the Knights Templar. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**DENIED.** [1]

---

[1] Gamino Rios's motion to stay removal, Dkt. 2, is denied as moot. The temporary stay of removal shall remain in place until the mandate issues. *See* 9th Cir. Gen. Ord. 6.4(c).

23-4362